UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-459-H

DEANNE W. HAMILTON                                                                                          PLAINTIFF

V.

MELISSA D. MOREHOUSE and
JAMES M. JACKSON                                                                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Deanne Hamilton ("Plaintiff") suffered injuries in two separate and distinct automobile accidents that occurred nearly two months apart. Though the two accidents were unrelated and arose out of two separate occurrences, their combined effect may have caused Plaintiff certain physical injuries and damages. On July 23, 2009, Plaintiff filed a complaint in Jefferson Circuit Court which included both alleged tort feasors, Melissa Morehouse ("Morehouse") and James Jackson ("Jackson"), in a lawsuit. Morehouse moved to sever the two claims and Jefferson Circuit Court Judge Olu Stevens sustained the motion, creating two separate cases. Shortly thereafter, Morehouse removed her case to federal court. Plaintiff has moved to remand on the grounds that the involuntary dismissal of a defendant bars removal.

The involuntary dismissal rule states that the dismissal of a nondiverse defendant, by court-ordered dismissal or directed verdict, does not ordinarily create diversity for purposes of removal jurisdiction. *16 James Wm. Moore et al., Moore's Federal Practice § 107.30 (3d ed. 1997)*. Judge Stevens did not dismiss Plaintiff's claim as to either Defendant. Rather, he recognized that Plaintiff had improperly joined two separate and independent claims.

Consequently, he severed the claims and created two separate lawsuits. Though the Sixth Circuit has not ruled on the precise issue, the Fifth Circuit has held that the severance of claims based on the grounds of improper joinder is an exception to the involuntary dismissal rule. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006).[1] For a number of reasons, the Court concludes that this logical rule should apply here.

Admittedly, this case does not fit neatly into one of the more well-established exceptions to the involuntary dismissal rule, such as fraudulent joinder or lack of personal jurisdiction. *See Insinga v. La Bella*, 845 F.2d 249, 253-254 (11th Cir. 1988). As the Fifth Circuit noted, however, "a party . . . can be improperly joined without being fraudulently joined." *Crockett*, 436 F.3d at 533. The exceptions to the rule are intended to prevent plaintiffs from improperly stripping defendant's of their removal power. Allowing defendants to remove to federal court in cases after state courts have severed claims due to improper joinder further serves that purpose. Judge Stevens' decision that the separate claims against Morehouse and Jackson never belonged in the same lawsuit, is "tantamount to a finding of improper joinder." *Id.* Such a result eliminates any impediment to removal of the claim. Therefore, Plaintiff's separate claims against Morehouse should be deemed properly removable under the Court's diversity jurisdiction.

Finally, the Court must resolve a technical matter on its docket. Only Hamilton's

---

[1]The Court acknowledges that this case is distinguishable from the Fifth Circuit case in that the plaintiff in *Crockett* did not appeal the state court's decision to sever the claims, whereas the plaintiff in this case did move to reconsider. Nonetheless, considering that trial courts have broad discretion when ruling on severance motions, *Island Creek Coal Co. v. Rodgers*, 644 S.W.2d 339, 349 (Ky.App. 1982), and that a trial court abuses its discretion only when its decision is arbitrary, unreasonable, unfair, or unsupported by sound legal principles, *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999), there is very little chance that either Judge Stevens or an appellate court would alter the result. More important, *Crockett* is precisely on point concerning the logical import of a severance of claims.

separate claim against Morehouse was removable. Because the Jefferson Circuit Court may not have completed the administrative tasks necessary to affect Judge Stevens' severance order, the removal pleadings appear to wrongly suggest that the *Hamilton v. Jackson* claim might have been removed as well. Indeed, our own docket includes the name "James Jackson" as a defendant. Jackson is not and never was a defendant in this matter. Only *Hamilton v. Morehouse* was properly removed to this Court and our court docket should be corrected to reflect this.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the name "James Jackson" shall be deleted from the style of this case and the case shall be styled *Hamilton v. Morehouse*.

IT IS FURTHER ORDERED that Plaintiff's motion to remand is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for attorney's fees is DENIED.

cc: Counsel of Record

3